INDUSTRIAL COMMISSION, Plaintiff, vs. SANITARY BAKING COMPANY, Defendant: FINANCIAL SERVICE COMPANY, Appellant, vs. GALVIN, Receiver; Respondent.

*December 9, 1942—January 12, 1943.*

116

*Raymond van Wolkenten* of Madison, for the appellant.
*Vaughn S. Conway* of Baraboo, for the respondent.

For the plaintiff Industrial Commission there were briefs by *Albert D. Nohr* and *W. H. Putnam,* both of Madison, and oral argument by *Mr. Putnam.*

WICKHEM, J.   The appeal in this case was taken more than thirty days after the entry of the order appealed from. It is contended by respondents that the order was one entered in proceedings under ch. 128, Stats., and that by sec. 128.15 (1), Stats., the appeal from such an order is limited to thirty days from the entry thereof.   Appellant claims that the proceedings are under ch. 273, Stats., providing for remedies supplementary to execution, or under secs. 286.10 and 286.11, Stats., dealing with general equity powers to appoint receivers for insolvent corporations and that in either event, the thirty-day limitation does not apply.

Ch. 128, Stats., is entitled "Creditors' Actions."   Sec. 128.02, Stats., regulates the form and substance of assignments for benefit of creditors.   Sec. 128.06, Stats., has to do with involuntary proceedings and provides that an action for the appointment of a receiver may be commenced by two

or more creditors owning claims of not less than $200 in the aggregate against an insolvent debtor who, within four months prior to the commencement of the action for receiver, has made fraudulent conveyances, given preferences, either by transfers or by permitting creditors to obtain liens through legal proceedings or who has made fraudulent assignment for benefit of creditors, or admitted in writing his inability to pay debts, and his willingness to be adjudged insolvent on that ground. Sec. 128.08 provides for the sequestration of the property of the debtor and the appointment of the receiver, (1) when a petition under sec. 128.06 shall be filed; or (2) "when an execution against a domestic corporation is returned unsatisfied in whole or in part." There are provisions for meetings of creditors, inventory of assets, filing objection to claims, order of distribution, relation of liens to the estate, settlement of the receiver's or assignee's accounts, and there is attached a section which constitutes the provisions governing secured creditors' dividends and liquidation proceedings.

It will thus be seen that this chapter is a species of insolvency act following rather closely some of the provisions of the Bankruptcy Act. Ch. 273, Stats., which is one of the sections thought by the appellant to apply here, has to do with remedies supplementary to execution. This chapter provides for supplementary proceedings in which a debtor may be required to answer under oath as to his property if an execution has been returned unsatisfied. Sec. 273.04, Stats., provides "A receiver may be appointed but before appointing a receiver the court or judge shall ascertain, if practicable, whether any other supplementary proceedings are pending against the judgment debtor, and if there be any, the plaintiff therein shall have notice to appear and shall have notice of all subsequent proceedings in relation to such receivership. There shall be but one receivership at any time."

Secs. 286.10 and 286.11, Stats., are cited as applicable when the court exercises its inherent powers to appoint receivers

for insolvent corporations. Sec. 286.11, Stats., was repealed in 1937. Sec. 286.10 was renumbered 268.16 (7) by sec. 16 ch. 483, Laws of 1935. This section provides when receivers may be appointed. In substance it provides for five situations : (1) Where property, an apparent right or interest to which is in the possession of an adverse party and the property, or its rents and profits are in danger of being lost or impaired; (2) to carry into effect or dispose of property according to judgment; (3) to preserve property during the pendency of an appeal; or where a debtor refuses to apply his property in satisfaction of a judgment or in an action by a creditor under ch. 273, Stats.; (4) where a corporation has been dissolved or is insolvent or has forfeited its corporate rights; (5) "in accordance with the practice which obtained when the code of 1856 took effect except as otherwise provided in this chapter."

We are of the view that this was plainly a proceeding under ch. 128, Stats. The affidavit upon which the order to show cause is based sets out plaintiff's judgment and the docketing of a transcript thereof, the return of an execution unsatisfied, the amount due, and seeks for the appointment of a receiver "to assume possession and custody of the assets of the said defendant [corporation] and to sequestrate its stock, property, things in action or effects of any nature whatsoever, both real and personal, and administer such assets as is provided by law for the benefit of all proper creditors." This is a full satisfaction of the requirements of sec. 128.08 (1) (b), Stats. It is plainly not a proceeding under ch. 273, Stats., seeking a remedy supplementary to execution. The creditor here does not seek merely to have the property applied to the payment of its judgment as in sec. 273.08, Stats., but, as in sec. 128.08 (1) (b), seeks to sequester the property for the benefit of all proper creditors. The order confirms this. It treats the motion as one for the sequestration of the property of an insolvent corporation; declares the insolvency of the

corporation, the return of execution unsatisfied, orders sequestration of the property, appoints a receiver, permits all creditors of the Sanitary Baking Company to become parties plaintiff, provides for notice to be published in a newspaper for three successive weeks, and provides for the exhibition of the claims of creditors within six months.

It is clear to us that there was an attempted compliance with ch. 128, Stats.; whether it was a perfect compliance need not be considered. If it is not, an appeal lies, but only if taken within thirty days after entry of the order objected to as irregular.

The contention that sec. 268.16, Stats., applies cannot prevail. That is a general receivership section. The only specific subsection that could be claimed to apply would be sub. (4), which authorizes equity courts to appoint receivers for insolvent corporations. This simply invests a court of equity with power to appoint a receiver for insolvent corporations. It does not mean that the legislature may not, as it has done in ch. 128, Stats., deal with and regulate a particular phase of the subject, and include in such regulatory provisions a special limitation upon appeals. Since the appeal was not timely, it must be dismissed.

*By the Court.*—Appeal dismissed.

BARLOW, J., took no part.