WILSON-HURD MANUFACTURING COMPANY, Respondent, vs. KARR MACHINE CORPORATION, Defendant: RURAL TRANSFORMER & EQUIPMENT COMPANY, Appellant.

*February 9—March 7, 1950.*

534

*Erwin Esser Nemmers* of Milwaukee, for the appellant.

For the respondent the cause was submitted on the brief of *Frank K. Levin,* attorney, and *Kenney & Hays* of counsel, all of Milwaukee.

MARTIN, J. This is a proceeding under ch. 128, Stats., and appeal is taken pursuant to sec. 128.15. See *Industrial Comm. v. Sanitary Baking Co.* (1943), 242 Wis. 115, 7 N. W. (2d) 603. The question involved is whether the landlord of a debtor which has gone into receivership has priority over the mortgagee of such debtor as to proceeds of sale of the mortgaged property for rent accrued after the date of receivership.

It was stated in *Thomsen v. Cullen* (1928), 196 Wis. 581, 588, 219 N. W. 439:

"It is only in a very limited class of cases that property subject to a prior lien can properly be subjected to the expenses of a receivership conducted principally in the interest of subsequent creditors and stockholders. The principal exception to the rule is that of a receiver operating the property of a public utility which is charged with the duty of furnishing services to the public. . . . If the contentions of the receiver in this case are to be upheld, then a lienholder upon a manufacturing plant becomes in virtual effect a stockholder in the plant, subject to all the hazards of operation of the business by the court. Here the receivership proceedings were

begun primarily in the interest of subsequent creditors and stockholders. . . . It is conceivable at least that an operating receivership might be conducted for the benefit of a mortgagee as well as of subsequent claimants, in which event an entirely different situation would arise."

The rights of the mortgagee in this case are in no respect dependent upon the receivership. The defendant while a going concern had pledged certain of its assets to secure the payment of a stipulated amount. The rights of the mortgagee are referable to the mortgages under which it claims. The only benefit to the mortgagee in this proceeding has been the carrying out of the chattel-mortgage foreclosure, and the only priority over its claim is a reasonable attorney's fee in connection therewith. See *Speiser v. Merchants' Exchange Bank* (1901), 110 Wis. 506, 513, 86 N. W. 243.

The record clearly discloses that the priority of rent was in issue and that the proceeds of the sale of the mortgaged property was the fund from which such payment for rent was contemplated. The order of October 6, 1949, authorized and directed the receiver to *pay* to Max Resnick or his attorney the sum of $300 as and for accrued rental for the premises while in the possession of the receiver. This order substantially affected the mortgagee's claim of $2,516.15, against the sale proceeds of $2,000, which is entitled to priority, because the payment of rent would have to be paid out of the said proceeds. An appeal was the only remedy that could preserve mortgagee's lien.

*By the Court.*—Order reversed, and cause remanded with directions to withhold payment of rent accruing subsequent to appointment of receiver, until mortgage has been paid in accordance with this opinion, without prejudice to any defenses of said receiver to the validity or extent of the said mortgage, or the debt thereby secured.